# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| 1. KENA UTTER,<br>2. AUBREE HOLSAPPLE, and<br>3. DARA CAMPBELL,<br><br>     Plaintiffs,<br><br>     v.<br><br>1. AMIE COLCLAZIER,<br>2. JACK CADENHEAD,<br>3. MICKEY UPTON, and<br>4. INDEPENDENT<br>SCHOOL DISTRICT NO. I-01 OF<br>SEMINOLE COUNTY, STATE OF<br>OKLAHOMA, a/k/a SEMINOLE SCHOOL<br>DISTRICT,<br><br>     Defendants. | Case No. CIV-16-182-RAW |

## <u>ORDER</u>

Plaintiffs filed this action on April 19, 2016 in the District Court of Seminole County

Oklahoma against the Seminole School District and three individual board members.

Defendants removed this action to this court on May 13, 2016. Now before the court is

Defendants' motion to dismiss counts 1, 2, 4 and 5 of Plaintiffs' eight claims [Docket No. 5].

Additionally, Defendants request that the § 1983 claims against the individual defendant board

members in their official capacity be dismissed. Claims brought against a state official in his or

her official capacity are construed as claims against the State and are barred by the Eleventh

Amendment.[1]  The court therefore dismisses the § 1983 claims against the individual board members in their official capacities.

The following claims are at issue herein: (Count 1) breach of contract against the School District; (Count 2) violation of Oklahoma's Teacher Due Process Act, 70 OKLA. STAT. §§ 6-101.20 *et seq*. (hereinafter "TDPA") against the School District; (Count 4) § 1983 violation of due process rights in liberty interests against all Defendants; and (Count 5) § 1983 and Oklahoma Constitutional violation of due process rights in property interests against all Defendants.

*STANDARD OF REVIEW*

For purposes of the motions to dismiss, the court accepts as true all of the factual allegations in Plaintiffs' Amended Petition and construes those facts in the light most favorable to Plaintiffs.  See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284 (10th Cir. 2008).  Of course, the court does not accept as true conclusory statements or legal conclusions.  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To survive the motions to dismiss, the Amended Petition "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plaintiffs must nudge their "claims across the line from conceivable to plausible."  Twombly,

---

[1] Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002); Griess v. Colorado, 841 F.2d 1042, 1045 (10th Cir. 1988).

550 U.S. at 570. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557) (internal quotations omitted). In other words, the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." Id. at 679.

> [T]he Twombly / Iqbal standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do. In other words, Rule 8(a)(2) still lives. Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

Burnett v. Mortgage Elec. Registration Sys., Inc., 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)).

In a case against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations . . . ." Robbins v. Oklahoma, 519 F.3d 1242, 1247, 1248 (10th Cir. 2008) (emphasis in original). Otherwise, the Complaint would fail to provide fair notice and to present a plausible right to relief.

*ALLEGATIONS*

Plaintiffs were employed by the School District for the 2014 – 2015 school year on temporary contracts. Docket No. 3, Exh 3, p. 2. At the June 11, 2015 board meeting, the three individual board member defendants voted to not renew Plaintiffs' contracts. Id. p. 12-13. Plaintiffs' contracts were not renewed. Id. Following the board meeting, one or more of the

individual board member defendants stated to third parties that "they had good reason" for

terminating[2] Plaintiffs and that the Plaintiffs "were not effective at their jobs." Id. at 14.


*ANALYSIS*

**Oklahoma Teacher Due Process Act**

Plaintiffs claim that the School District failed to comply with the TPDA by failing to: (1)

initiate a hearing for nonrenewal; (2) receive a recommendation to dismiss and to mail Plaintiffs

a copy thereof; (3) provide notice of underlying facts; (4) provide written admonishment; (5)

provide the statutorily required pre-termination hearing; and (6) provide a name-clearing hearing

when Plaintiffs' contracts were not renewed for performance related reasons. The TPDA

provides in pertinent part:

> A. The dismissal, suspension and nonreemployment provisions of the Teacher Due
>    Process Act of 1990 *shall not apply* to:
>    1. Substitute teachers;
>    2. Adult education teachers; and
>    3. Teachers who are employed on temporary contracts.

70 OKLA. STAT. § 6-101.23 (emphasis added). As Plaintiffs alleged, they were employed on

temporary contracts. The nonreemployment provisions of the TPDA do not apply to them.

Accordingly, this claim is dismissed.


**Breach of Contract**

Plaintiffs claim that the School District breached their contracts by failing to renew them,

arguing that the collective bargaining agreement provided for compliance with the TPDA. As

---

[2] Throughout the Amended Petition, Plaintiffs refer to Defendants "terminating and/or nonrenewing" their temporary contracts. Plaintiffs were not "terminated" mid-contract. Their temporary contracts were completed, and then Defendants chose not to offer them new contracts, temporary or otherwise.

the court held above, the School District did not violate the TPDA.  Moreover, an Oklahoma

teacher on a temporary contract has no expectation of a continuing contract status.  See DeHart

v. Independent Sch. Dist. No. 1 of Tulsa Cnty., 259 P.3d 877 (Okla. Civ. App.) (reviewing the

issue of whether a teacher's contract was actually temporary or whether the school district had

created a regular continuing contract of employment); see also Scheer v. Independent Sch. Dist.

No. 1-26 of Ottowa Cnty., 948 P.2d 275, 278 (Okla. 1997) ("There is no legally protectable

interest in tenure after two years.").

There is no allegation here that the School District had somehow created regular

continuing contracts with any of the Plaintiffs.  Plaintiffs acknowledge that they held temporary

contracts.  Instead they argue that in deciding to not renew Plaintiffs' temporary contracts, the

School District did not comply with the collective bargaining agreement which required

compliance with the TPDA.  The court does not agree.  The School District did not violate the

TPDA in the nonrenewal of Plaintiffs' contracts.  The breach of contract claim is dismissed.


**Due Process Rights in Property Interests**

Plaintiffs claim that the School District and the individual board member defendants

violated their Fourteenth Amendment and Oklahoma Constitutional rights to due process,

arguing that they have a property interest in their continued employment.  Property interests are

not created by the Constitution, but rather "by independent sources such as a state or federal

statute, a municipal charter or ordinance, or an implied or express contract." Teigen v. Renfrow,

511 F.3d 1072, 1078-79 (10th Cir. 2007) (citation omitted).  As the court held above, Plaintiffs

did not have a property interest in renewal of their temporary contracts.  Accordingly, this claim

is also dismissed.

**Due Process Liberty Interests**

Plaintiffs also claim that the School District and the individual board member defendants violated their Fourteenth Amendment due process rights and liberty interests when one or more of the individual board member defendants stated to third parties that "they had good reason" for terminating Plaintiffs and that the Plaintiffs "were not effective at their jobs." This claim fails for two reasons. First, Plaintiffs fail to make clear exactly *who* did *what* to *whom* in accordance with Twombly and Iqbal. Plaintiffs do not state which individual board member defendant made these statements. The Amended Petition, therefore, fails to provide the individual defendants with fair notice and to present a plausible right to relief.

Second, these statements – that the board members "had good reason" not to renew Plaintiffs' contracts or that Plaintiffs "were not effective at their jobs" – are not, as Plaintiffs argue, actionable under the "reputation-plus" theory,[3] as they do not amount to charges that might seriously damage Plaintiffs' standing and associations in the community. See Board of Regents of State Colleges v. Roth, 408 U.S. 564 (1972); Hadley v. Moon, 38 F.3d 1220 (10th Cir. 1994) (recognizing that damage to one's reputation plus termination violates an employee's due process rights). Reasons that pertain solely to a plaintiff's job performance do not satisfy this test because "dismissal for unsatisfactory job performance . . . does not carry with it the sort of opprobrium sufficient to constitute a deprivation of liberty." McGinnis v. District of Columbia, 65 F.Supp.3d 203, 220 (D.D.C. 2014) (internal quotations and citation omitted). This claim is dismissed.

---

[3] Plaintiff concedes that this claim fails under the "stigma theory," but argues that it survives under the less stringent "reputation-plus" theory.

*CONCLUSION*

For the reasons stated herein, Defendants' partial motion to dismiss [Docket No. 5] is hereby GRANTED. Counts 1, 2, 4 and 5 are hereby dismissed. Additionally, the § 1983 claims against the individual board members in their official capacities are dismissed. Counts 3, 6, 7 and 8 remain.

**IT IS SO ORDERED** this 27th day of October, 2016.

**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**